WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Satish Emrit,<br><br>              Plaintiff,<br><br>v.<br><br>Arizona Supreme Court, et al.,<br><br>              Defendants. | No. CV-15-01718-PHX-ESW<br><br>**ORDER** |

      Plaintiff has consented to the exercise of Magistrate Judge jurisdiction. (Doc. 6). Pending before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). For good cause shown, the Application is granted and Plaintiff is allowed to proceed *in forma pauperis*. The Court, however, must screen the Complaint (Doc. 1) before it is allowed to be served. 28 U.S.C. § 1915(e)(2). As the Ninth Circuit Court of Appeals has explained, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

      The four-count Complaint invokes both the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and federal question jurisdiction pursuant to Article III of the United States Constitution. (Doc. 1 at 4). Plaintiff alleges that Defendants "committed a material breach of contract with [P]laintiff" and also violated Plaintiff's rights under the

Equal Protection, Due Process, and Privileges and Immunities clauses of the United States Constitution.  (*Id*. at 7-9).  The crux of Plaintiff's claims rests on his failure of the February 2003 Arizona bar examination.  Plaintiff, who is African-American, asserts that the examination was "culturally biased" against minorities.  Plaintiff seeks damages in the amount of $750,000 and an order mandating that Plaintiff be allowed to practice law in Arizona.[1]  For the following reasons, the Complaint is dismissed with prejudice.[2]

## I. DISCUSSION

### A. Count One: Alleged Material Breach of Contract

"A federal court sitting in diversity must apply the forum state's choice of law rules." *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)).  Arizona law provides that the statute of limitations for a breach of contract action is six years.  ARIZ. REV. STAT. § 12–548.  The statute of limitations may be equitably tolled.  "The equitable tolling doctrine is rooted in a number of common law exceptions to statutes of limitations, including: defendant's fraudulent concealment of a cause of action; defendant's inducement of plaintiff not to sue; disability of the suing party; and delays due to war."  *Hosogai v. Kadota*, 700 P.2d 1327, 1331 (Ariz. 1985) (citations omitted), *superseded by statute as stated in Jepson v. New*, 792 P.2d 728 (Ariz. 1990).  Thus, "[u]nder equitable tolling, plaintiffs may sue after

---

[1] Plaintiff also requests an order mandating that Plaintiff be allowed to practice law in the states of Maryland and Florida.  Regardless of whether Plaintiff has properly stated a claim to support this requested relief, the Court has no authority to issue such an order.

[2] On December 17, 2015, Plaintiff filed a Notice of Appeal indicating that Plaintiff filed an appeal in the Ninth Circuit Court of Appeals.  (Doc. 7).  Plaintiff alleges that "it is and was clearly erroneous and perhaps an abuse of discretion for the trial judge to determine that this case is frivolous."  (*Id*. at 2).  Yet no previous Order has been issued in this case.  Generally, once a Notice of Appeal is timely filed, a district court is divested of jurisdiction to take any action in the case except those actions that aid the appeal. *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 388 (9th Cir. 1966).  However, "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case . . . ."  *Id*. at 389.  Plaintiff's Notice of Appeal is clearly deficient because it does not reference an appealable order.  The Court therefore is not divested of jurisdiction to rule on Plaintiff's Application (Doc. 2) and screen Plaintiff's Complaint.

the statutory time period for filing a complaint has expired if they have been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *McCloud v. Arizona Dept. of Public Safety*, 170 P.3d 691, 696 (Ariz. Ct. App. 2007) (citation and internal quotation marks omitted). However, equitable tolling is applied sparingly and only under extraordinary circumstances. *Id*. at 697-98.

The Court finds that the latest date on which Plaintiff's breach of contract claim began to accrue is the date Plaintiff learned that he failed the February 2003 Arizona bar examination. *Gust, Rosenfeld & Henderson v. Prudential Ins. Co of America*, 898 P.2d 964, 966-67 (Ariz. 1995) (holding that discovery rule applies to breach of contract claims; under the discovery rule, "a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause"). While the Complaint (Doc. 1) does not indicate when Plaintiff received his bar examination results, the Arizona Supreme Court releases the results of the February bar examination in May of the same year.[3] *See Bar Briefs*, ARIZONA ATTORNEY, 34-MAR Ariz. Att'y 41, 42 (March 1998) ("Results for February examinees are released in early May, while July examinees are advised in early October"). The Court therefore deems May 2003 as the date Plaintiff was notified of his results of the February 2003 bar examination. Accordingly, at the latest, the six-year statute of limitations applicable to Plaintiff's breach of contract claim began to run in May 2003 and expired in May 2009. This renders Plaintiff's August 2015 Complaint (Doc. 1) untimely by over six years as to Count One.

Plaintiff asserts that the statute of limitations should be equitably tolled because Plaintiff is "still suffering damages as a result of the fact that he failed four bar exams . . . ." (*Id*. at 10-11). Plaintiff has not alleged that "extraordinary circumstances" prevented him from timely filing the Complaint. Equitable tolling therefore does not

---

[3] The Arizona bar examination is administered every February and July. Ariz. R. Sup. Ct. 35(a).

apply.  *See, e.g., McCloud*, 170 P.3d at 697 (equitable tolling applies only in "extraordinary circumstances" and not to "a garden variety claim of excusable neglect.") (citation and internal quotation marks omitted).  Therefore, even assuming *arguendo* that Defendants may be sued[4] and that Plaintiff's alleged facts could support a breach of contract claim, the claim is time-barred.  Count One is therefore dismissed with prejudice.

### B.  Counts Two, Three, and Four: Alleged Violations of Constitutional Rights

The United States Constitution itself does not create a federal cause of action. *Azul-Pacifico Inc. v. City of L.A.*, 973 F.2d 704, 705 (9th Cir. 1992) ("*Azul II*") (stating that "Plaintiff has no cause of action directly under the United States Constitution").  For claims alleging the violation of constitutional rights by defendants acting under color of state law, a plaintiff must file an action under 42 U.S.C. § 1983.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983") (citing *Azul II*, 973 F.2d at 705).  For claims alleging the violation of constitutional rights by defendants acting under color of federal law, a plaintiff must bring an action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

In Counts Two, Three, and Four, Plaintiff alleges that by "administering a bar

---

[4] The Arizona Supreme Court is immune from suit.  The Eleventh Amendment of the United States Constitution bars lawsuits against a state unless Congress has abrogated state sovereign immunity or the state has waived it.  *Holley v. California Dep't of Corrections*, 599 F.3d 1108, 1111 (9th Cir. 2010).  "The Arizona Supreme Court . . . is an 'arm of the state' for Eleventh Amendment purposes." *Lucas v. Arizona Supreme Court Fiduciary Certification Program*, 457 F. App'x 689, 690 (9th Cir. 2011); *see also Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment.").

In addition, the U.S. Department of Education may be immune from this lawsuit. "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994).  Plaintiff bears the burden to demonstrate an "unequivocal waiver" of the government's sovereign immunity. *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986).  Plaintiff has failed to address the U.S. Department of Education's sovereign immunity or to allege any such waiver.

examination which is 'culturally-biased,'" Defendants have violated Plaintiff's federal constitutional rights. Specifically, Plaintiff alleges violations of the Equal Protection and Due Process clauses of the Fifth and Fourteenth Amendments, as well as a violation of the Privileges and Immunities clause. Yet Plaintiff does not assert the law (i.e. 42 U.S.C. § 1983 and/or *Bivens*) under which he is bringing those claims. Counts Two, Three, and Four therefore fail to state a claim. Moreover, Counts Two, Three, and Four fail to allege specific facts linking Defendants' action or inaction to the alleged constitutional violations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ."); *see also Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (conclusory allegations of discrimination are insufficient to withstand a motion to dismiss).

        Allowing Plaintiff leave to amend the Complaint to assert the law under which Plaintiff brings Counts Two, Three, and Four would be futile. Claims brought under 42 U.S.C. § 1983 and *Bivens* are subject to a two-year statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (explaining that because 42 U.S.C. § 1983 does not contain its own statute of limitations, federal courts borrow the statute of limitations applicable to personal injury claims in the forum state); ARIZ. REV. STAT. § 12–542 (establishing a two-year statute of limitations for personal injury claims); *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991) (stating that the statute of limitations for a *Bivens* claim is the same as the statute of limitations for a Section 1983 claim). Further, even if the Court permitted "direct" constitutional claims in this case, Plaintiff's claims still would be subject to a two-year statute of limitations. *See Azul II*, 973 F.2d at 705 (finding that a plaintiff's constitutional claims were barred by the limitations period applicable to Section 1983 actions and holding that even if the court allowed the plaintiff to pursue a "direct" constitutional claim, the claim would also be subject to the statute of limitations applicable to Section 1983 actions).

Like Plaintiff's breach of contract claim, the Court finds that the latest accrual date of Plaintiff's claims in Counts Two, Three, and Four is the date that Plaintiff was provided the results of his February 2003 Arizona bar examination.[5] As discussed previously, the Court presumes that Plaintiff's bar examination results were released in May 2003. Hence, at the latest, the two-year statute of limitations began to run in May 2003 and expired in May 2005. This renders Plaintiff's August 2015 Complaint untimely by approximately ten years as to Counts Two, Three, and Four. As discussed in the preceding section, Plaintiff has failed to show that extraordinary circumstances warrant equitable tolling of the statute of limitations. Therefore, any constitutional claims based on the alleged administration of a "culturally biased" Arizona bar examination that Plaintiff took in February 2003 would be time-barred. Counts Two, Three, and Four are dismissed with prejudice.

### C. Notice to Plaintiff: Vexatious Litigant Order May Issue

The Ninth Circuit recognizes "the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (quoting *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id.* at 1148; *see also Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

A district court may enter an order prohibiting a vexatious litigant from filing

---

[5] Although the state of limitations applicable to Section 1983/*Bivens* claims is borrowed from state law, federal law governs when the claims accrue. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *Papa v. U.S.*, 281 F.3d 1004, 1009 (9th Cir. 2002); *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (under federal law, a claim accrues "when a party knows or has reason to know of the injury which is the basis of the cause of action") (citation and internal quotation marks omitted).

future actions without prior leave of court. *De Long*, 912 F.2d at 1146-47 (under the power of the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin litigants with "abusive and lengthy histories" from filing further actions or papers without first obtaining leave of court). The Court finds that there is an adequate record to support the issuance of a vexatious litigant order against Plaintiff. *See Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS (W.D. Tex. Feb. 5, 2015), ECF No. 35 (discussing forty-seven meritless federal lawsuits filed by Plaintiff since March 2013 and entering a vexatious litigant order against Plaintiff); *Emrit v. Soc. Sec. Admin.*, No. 2:14-cv-01760-GMN-PAL (D. Nev. July 29, 2015), ECF No. 36 (entering a vexatious litigant order against Plaintiff); *Emrit v. Leal-Mendez*, No. 2:14-cv-02281-ROS (D. Ariz. Oct. 23, 2014), ECF No. 17 (screening order dismissing Plaintiff's complaint without leave to amend); *Emrit v. Access Rx*, No. 2:15-cv-00936-DGC (D. Ariz. Nov. 3, 2015), ECF No. 10 (screening order dismissing Plaintiff's complaint with leave to amend and noting that "Plaintiff is on his way to becoming a vexatious litigant in the District of Arizona"; Plaintiff did not file an amended complaint). Before such a vexatious litigant order is entered, however, due process requires the Court to afford Plaintiff notice and an opportunity to be heard.[6] *See De Long*, 912 F.2d at 1147. The Court notifies Plaintiff as follows: **If Plaintiff continues to file frivolous actions, the Court may issue a vexatious litigant order enjoining Plaintiff from filing any civil action in the United States District Court for the District of Arizona without first obtaining leave of the Court.**

## II. CONCLUSION

For the above reasons, the Court finds that the Complaint (Doc. 1) fails to state a claim upon which relief may be granted as all four counts are time-barred. Because

---

[6] The following four requirements must be met before a district court may issue a vexatious litigant order: (i) the litigant must be given notice and an opportunity to be heard before entry of the order; (ii) the court must compile an adequate record for review; (iii) the court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation; and (iv) the vexatious litigant order must be narrowly tailored to "closely fit the specific vice encountered." *De Long*, 912 F.2d at 1147-48.

Plaintiff's claims are time-barred, the Court finds that dismissing the Complaint with leave to amend would be futile. Accordingly,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with prejudice. The Clerk of Court is directed to terminate this case.

Dated this 9th day of March, 2016.

_____
Eileen S. Willett
United States Magistrate Judge